```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2-28-2023
```

                                                                                                    03-CR-979 (KMW)

-against-                                              04-CR-408 (KMW)

                                                                                     **OPINION & ORDER**

FRANK SMITH CASTILLO,

                           Defendant.
-----------------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

       Defendant Frank Smith Castillo, represented by the Federal Defenders of New York, Inc., has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Def.'s Mot., ECF No. 49.)[1]  The Government opposes Smith Castillo's motion.  (Gov't Opp'n, ECF No. 52.)  For the reasons set forth below, Smith Castillo's motion is DENIED.

## BACKGROUND

       Smith Castillo's motion relates to two separate cases which were consolidated for sentencing before this Court.  In case number 03-CR-979, Smith Castillo was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (J. at 1, ECF No. 16.)  In case number 04-CR-408, Smith Castillo was convicted of conspiracy to commit armed bank robberies, in violation of 18 U.S.C. § 371; three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a),(d), and 2; and three counts of using and carrying a firearm during a crime of violence that was equipped with a silencer and brandished, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(B)(ii), (c)(1)(C)(i) and (ii), and 2.  (*Id.*)

---

[1] All references to the docket refer to the docket in case number 04-CR-408.

On March 18, 2005, the Court sentenced Smith Castillo to 120 months' imprisonment on the § 922(g) firearms charge, 60 months' imprisonment on the conspiracy count, and 168 months' imprisonment on the armed robbery counts. (*Id.* at 2.) The Court stipulated that the sentences were to run concurrently. (*Id.*) Additionally, the Court sentenced Smith Castillo to a mandatory minimum of 30 years imprisonment on the first § 924(c) charge and two consecutive mandatory life sentences on the two other § 924(c) charges. (*Id.*) In effect, Smith Castillo's sentence comprised a term of 168 months to be followed by a term of 30 years and two life terms.

On December 4, 2020, Smith Castillo filed a motion for compassionate release. (ECF No. 37.) He argued that early release was warranted because (1) his sentence was severe in light of changes to the § 924(c) sentence stacking rules; (2) he was at heightened risk of serious illness from COVID-19 due to his age and health conditions; and (3) he had made efforts at rehabilitation in prison. (*Id.*) The Court denied Smith Castillo's motion, finding that none of these grounds constituted extraordinary or compelling reasons for release and that the § 3553 factors weighed against a sentence reduction. (*See* Op. & Order, ECF No. 45). On August 22, 2022, the Second Circuit affirmed the Court's decision. (ECF No. 47.)

After suffering a heart attack in March 2022, Smith Castillo filed the present motion for compassionate release. (*See* Def.'s Mot.) Smith Castillo seeks a reduction of his sentence to time served due to (1) his elderly age and his age-related medical conditions (*i.e.,* an enlarged prostate, eye problems, and heart disease), and (2) his record of rehabilitation. (*Id.* at 2.) Jeffrey Udell, trial counsel for the Government in case number 04-CR-408, has submitted a letter stating that he reviewed Smith Castillo's application for relief and believes "the motion is well taken." (ECF No. 51.) On October 21, 2022, the Government filed a response in opposition to Smith Castillo's motion. (*See* Gov't Opp'n.) Smith Castillo replied on October 31, 2022 and filed a

2

supplemental letter on December 9, 2022. (Def.'s Reply, ECF No. 53; Def.'s Suppl., ECF No. 54.)

## LEGAL STANDARD

Pursuant to § 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.* With the passage of the First Step Act, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release and are not limited to those circumstances specified in the Sentencing Guidelines. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Rehabilitation alone, however, cannot constitute an extraordinary and compelling reason for release. *Id.* at 238. Third, the Section 3553(a) sentencing factors must support early release. 18 U.S.C. § 3582(c)(1)(A). Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

**I.     Smith Castillo's Motion is Properly Before the Court.**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of

3

Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Smith Castillo submitted a request for compassionate release to the Warden of U.S. Penitentiary Big Sandy on August 26, 2022. (*See* Def.'s Mot., Ex. C.) The Warden never responded. Smith Castillo waited for over thirty days for a response before filing his motion for compassionate release. Therefore, Smith Castillo's motion is properly before the Court.

### II. Smith Castillo Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release.

In his motion, Smith Castillo argues that compassionate release is appropriate because of (1) his elderly age and his age-related medical conditions, and (2) his record of rehabilitation in prison. (Def.'s Mot. at 1-2; Def.'s Suppl. at 1-2.) Both arguments lack merit.

#### A. Smith Castillo's Elderly Age & Associated Health Issues

Castillo contends that his sentence should be reduced because he meets the requirements of Application Note 1(B) to the Sentencing Commission's Policy Statement, U.S.S.G. § 1B1.13. Application Note 1(B) provides that "extraordinary and compelling reasons exist" when "[a] defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1. Smith Castillo alleges that he fulfills these criteria because (1) he is 65 years old; (2) he is suffering from serious age-related medical conditions including an enlarged prostate, eye problems, and heart disease; and (3) he has spent 19 years in prison. (Def.'s Mot. at 2, 8.)

First, U.S.S.G. § 1B1.13 is not binding on district courts reviewing compassionate release motions brought by defendants, although courts may "look[] to § 1B1.13 for guidance in the exercise of [their] discretion." *United States v. Rodriquez*, No. 16-CR-07, 2020 WL 7640539, at

\*3 (S.D.N.Y. Dec. 23, 2020) (Nathan, J.) (citing *Brooker*, 976 F.3d at 237). Second, in applying U.S.S.G. § 1B1.13, courts typically grant compassionate release only to senior citizen defendants whose "physical and cognitive deterioration has impaired basic human functions[.]" *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (Caproni, J.) (finding "extraordinary and compelling reasons" for compassionate release existed where defendant suffered from severe dementia and cachexia and required assistance with grooming, eating, and walking); *compare United States v. Gluzman*, No. 96-CR-323, 2020 WL 4233049, at \*3-4 (S.D.N.Y. July 23, 2020) (Liman, J.) (granting compassionate release where defendant experienced cognitive impairment, spatial disorientation, postural instability, tremors, and urinary incontinence due to Parkinson's disease and strokes), *with United States v. Borelli*, No. 84-CR-63, 2021 WL 2228075, at \*2-4 (S.D.N.Y. June 2, 2021) (Preska, J.) (denying compassionate release where defendant suffered from diabetes, cataracts, and heart disease but was able to manage his conditions through BOP medical care), *and United States v. Rodriquez,* No. 88-CR-642*,* 2022 WL 2533468, at \*3 (S.D.N.Y. July 7, 2022) (Preska, J.) (denying compassionate release where defendant experienced memory lapses and language issues but remained independent in his daily activities).

     Here, Smith Castillo is 65 years old and has served over ten years in prison. He has also been diagnosed with several age-related medical issues including an enlarged prostate, heart disease, and eye problems. (*See* Gov't Opp'n, Exs. A, B.) But Smith Castillo's health conditions are not impairing him from carrying out "basic human functions" or living independently in prison. Rather, Smith Castillo's conditions are being well-managed by the BOP. Smith Castillo sees medical specialists and receives medication for his prostate and cardiac issues. (*Id.*) Additionally, Smith Castillo underwent surgery for his cataracts in November 2021. (*Id.*) Although Smith Castillo currently suffers from an unspecified retinal disorder, there is no evidence that the BOP will be unable to provide him with appropriate care. Accordingly, Smith

5

Castillo's elderly age combined with his associated health issues does not constitute an extraordinary and compelling reason for release.

### B. Smith Castillo's Record of Rehabilitation

Smith Castillo also contends that early release is warranted because he has "maintain[ed] an extraordinary institutional record" while in prison. (Def.'s Mot. at 2.) Rehabilitation alone cannot constitute an extraordinary and compelling reason justifying release. 28 U.S.C § 994(t). Courts, however, may consider rehabilitation in combination with other factors. *See United States v. Millan*, No. 91-CR-685, 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (Preska, J.).

In support of his motion, Smith Castillo has submitted a Summary Reentry Plan Progress Report and six letters of recommendation from BOP personnel. (*See* Def.'s Mot., Exs. A, B.) The documents show that Smith Castillo is an active participant in work and educational programs. (*Id.*) Furthermore, they describe Smith Castillo as a hardworking, responsible, and trustworthy individual who is "a role model" for other inmates. (*Id.*) Nevertheless, Smith Castillo's prison record is not unblemished. He has had three disciplinary infractions within the last ten years, including for possessing a dangerous weapon. (Gov't Opp'n, Exs. D, E.) Thus, though Smith Castillo's rehabilitative efforts are commendable, they are not sufficient to justify early release, even in combination with the factors discussed above.

### III. The Section 3553(a) Factors Weigh Against Release.

Even if Smith Castillo could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the § 3553(a) factors weigh against early release. The applicable § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence to reflect the appropriate purposes of punishment, and (3) the need to avoid disparate sentences among similarly situated defendants. 18 U.S.C. § 3553(a).

Here, Smith Castillo has made substantial rehabilitative efforts and has been classified by the BOP as being at "Low Risk" of recidivism. (Def.'s Mot. at 2, 6.) But the crimes Smith Castillo committed were still "very serious." (Sent'g Tr. 34:14-15, Gov't Opp'n, Ex. C.) He participated in a series of armed bank robberies during which he carried a firearm with a silencer. He assaulted a victim during one of the robberies. His crimes caused physical, emotional, and financial harm. Releasing Smith Castillo now would not "reflect the seriousness of the offense, [] promote respect for the law, [or] provide just punishment for the offense." 18 U.S.C. § 3553(a). Furthermore, granting Smith Castillo a sentence reduction well below the mandatory minimum would result in significant sentencing disparities for similarly situated defendants convicted of § 924(c) violations and would undermine the justice system's general deterrence efforts. Hence, the Court finds that the § 3553(a) factors weigh against compassionate release.

## CONCLUSION

For the foregoing reasons, Smith Castillo's motion for compassionate release pursuant to § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 49 in case number 04-CR-408 and at ECF No. 66 in case number 03-CR-979.

SO ORDERED.

Dated: New York, New York         */s/ Kimba M. Wood*
       February 28, 2023            KIMBA M. WOOD
                                    United States District Judge