USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 17, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

　　　　v.

FRANK SMITH CASTILLO,

　　　　　　Defendant.

-------------------------------------------------------X

03-CR-979 (KMW)

04-CR-408 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

　　Defendant Frank Smith Castillo, represented by the Federal Defenders of New York, has filed a supplemental motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), in response to the Court's request for supplemental briefing following the Second Circuit's remand of the Court's denial of Castillo's original motion for compassionate release. (Def.'s Mot., ECF No. 59.)[1] The government opposes Castillo's motion. (Gov't Opp'n, ECF No. 65.) For the reasons set forth below, the Court intends to grant Defendant's motion and reduce his sentence to time served, followed by three years of Supervised Release.

## BACKGROUND

　　On July 4, 2003, Castillo was arrested after running from New York City Police officers and tossing an object while he ran. (Gov't Dec. 4, 2020 Mot., ECF No. 37 at 2.) After police recovered the object and discovered that it was a firearm, the Government indicted Castillo for possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (*Id.*;

---

[1] Castillo's motion relates to two separate cases which were consolidated for sentencing before the Court. All citations to the record are to the docket in case number 04-CR-408 (KMW).

No. 03-CR-979, ECF No. 6.) While awaiting trial on the firearms charge, Castillo was indicted for conspiracy to commit armed bank robbery, seven counts of armed bank robbery, and seven counts of brandishing a firearm during the bank robberies. (ECF No. 37 at 2–3.)

On November 8, 2004, a jury found Castillo guilty of (1) possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1); (2) conspiracy to commit armed bank robberies, in violation of 18 U.S.C. § 371; (3) three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2; and (4) three counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(B)(ii), (c)(1)(C)(i) and (ii), and 2. (J. at 1, ECF No. 16; Gov't Opp'n at 3.) On March 18, 2005, the Court sentenced Castillo to life in prison, which sentence was then mandatory. (J. at 2; Gov't Opp'n at 3.)

On September 21, 2022, Castillo filed his original motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 66.) On February 28, 2023, the Court denied Castillo's motion. (Feb. 28, 2023 Order, ECF No. 72.) On January 15, 2025, the United States Court of Appeals for the Second Circuit remanded the case pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), requesting that this Court clarify the reasons for denying Castillo's motion. *United States v. Castillo*, No. 23-6229, 2025 WL 100625, at *2 (2d Cir. Jan. 15, 2015) (summary order). The Second Circuit also noted that this Court may reconsider Castillo's arguments and determine anew whether to grant the motion for compassionate release. *Id.* at 4.

The Court subsequently ordered supplemental briefing. (ECF No. 58.) The parties filed supplemental papers (ECF Nos. 59, 65, and 66), and Defendant filed two letters providing the

Court with supplemental authority in support of Castillo's motion. (ECF No. 67; No. 03-CR-979, ECF No. 82.)

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction."[2] *Id*. Third, the Section 3553(a) sentencing factors must support early release. *Id.*

## DISCUSSION

### I. Castillo's Motion is Properly Before the Court

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The Court has already determined that Castillo satisfied his requirement to exhaust his administrative rights, and neither party disputes that here. (Feb. 28, 2023 Order, at 4-5). Thus, Castillo's motion is properly before the Court.

---

[2] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is now controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.

## II. Castillo Has Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

U.S.S.G. § 1B1.13(b)(2) provides that "extraordinary and compelling reasons exist [where] . . . [t]he defendant[:]" (1) is at least 65 years old; (2) is experiencing a serious deterioration in physical or mental health because of the aging process; and (3) has served the lesser of either 10 years imprisonment or 75 percent of his term of imprisonment.

There is no dispute between the parties that Castillo satisfies the first and third of these conditions. Castillo is 67 years old and has served more than 20 years of his sentence.

With respect to the second condition, Castillo contends that he is "experiencing a serious deterioration in physical or mental health because of the aging process[,]" which constitutes an extraordinary and compelling reason for release. U.S.S.G. § 1B1.13(b)(2).

Other courts in this circuit have held that certain medical conditions—considered together—are "more than enough to satisfy" the § 1B1.13(b)(2) standard. *United States v. Carter*, No. 13-CR-900, 2025 WL 1865278, at *1 (S.D.N.Y. July 7, 2025) (Furman, J.) (granting defendant's motion for compassionate release after finding that his diaphragmatic hernia, hyperlipidemia, prediabetes, gastro-esophageal reflux disease, age-related cataracts satisfied § 1B1.13(b)(2)); *United States v. Diaz*, No. 07 CR 387-06, 2024 WL 4891908, at *4 (S.D.N.Y. Nov. 26, 2024) (McMahon, J.) (finding that the defendant made a "colorable argument for relief" under § 1B1.13(b)(2) where the defendant—in addition to satisfying the first and third condition—also suffered from knee osteoarthritis, seborrheic keratosis, and an enlarged prostate); *United States v. Salemo*, No. 11-CR-65, 2021 WL 4060354, at *5 (S.D.N.Y. Sept. 7, 2021) (Rakoff, J.) (finding that the defendant's obesity, COPD, cataracts, and hypertension

constituted "a serious deterioration of physical health as a result of the aging process" under § 1B1.13(b)(2)).

According to Castillo's latest available medical records, he suffers from such a combination of several serious medical conditions, including having had a heart attack, chronic kidney disease, prostate disorder, prediabetes, hypertension, hyperlipidemia, and problems with his vision. (Def.'s Mot., Ex. C.) As discussed in his brief, Castillo's medical conditions may have serious medical consequences. For instance, Castillo's glomerular filtration rate—the measure of how well the kidneys filter blood—is below 60, whereas the normal rate is at least 90. (*Id*. at n. 5.) Other courts have recognized that "hypertension and hyperlipidemia, over time, increase the risk of heart attack, stroke, and other serious health conditions, especially in those over the age of 65." *United States v. Jones*, 2022 WL 62089, at *3 (M.D. Fla. Jan. 6, 2022). Two of these conditions—his chronic kidney disease and his prediabetes—are before the Court for the first time since ruling on Castillo's last motion. They demonstrate progressive deterioration of his physical health. Another condition, his vision, was previously before the court when he had cataract surgery; but his vision problems persist, and currently include "eye and adnexa" disorder, and a suspected "retinal detachment." (Def.'s Mot., Ex. C.) Castillo has now lost all of his teeth, a new sign of his physical deterioration. (Def.'s Reply, at 3.)

The Government's motion misapprehends the nature of the inquiry under the second condition of § 1B1.13(b)(2). As Castillo properly argues, under § 1B1.13(b)(2), the Court is not concerned with whether the BOP is appropriately managing Castillo's medical conditions. Instead, the Court looks at whether Castillo has articulated "a trend of seriously deteriorating health related to the aging process." *United States v. Hagen,* 2024 WL 3371044 (W.D.N.C. July

5

10, 2024). The Government cites no authority that BOP's ability to manage an inmate's condition somehow undermines the seriousness of it as contemplated by § 1B1.13(b)(2).

For the reasons stated above, the Court finds that Castillo is experiencing serious and deteriorating age-related medical conditions that satisfy § 1B1.13(b)(2).

**III.    The Applicable Section 3553(a) Factors Support Release**

Although there are ample reasons for the substantial sentence Castillo received—namely, the seriousness of Castillo's criminal conduct—his conduct while in prison, his rehabilitation, and his deteriorating health support a conclusion that he is now unlikely to pose a risk of recidivism or to pose a danger to the community.

Castillo's conduct in prison has been exemplary. He has been highly praised by prison officials who have worked closely with him during his decades of imprisonment: "Castillo is a true asset and a role model," Def.'s Mot. Ex. B, "Castillo has excelled," *id,* "Castillo has built one of the strongest prison resumes that I have encountered," *id.* Castillo has demonstrated a well-documented commitment to his rehabilitation, as reflected in his Case Manager's 2021 Memorandum. *Id.* His sustained efforts at rehabilitation led the BOP to classify him as being at a "Low Risk" of recidivism. (Feb. 28, 2023 Order, at 7.)

When his rehabilitative accomplishments are considered along with his current weakness and deteriorating health, his risk of recidivism and the risk that he would present a danger to others are minimal. These risks have continued to decline since this Court last saw Castillo. Releasing Castillo now would not undermine general deterrence; Castillo has served over 22 years in prison, which provides an adequate deterrent for others who might commit crimes with firearms. Specific deterrence is no longer needed, in view of Castillo's rehabilitation and physical weakness.

For the foregoing reasons, the Section 3553 factors weigh in favor of granting Castillo's Motion for Compassionate Release.

## CONCLUSION

The Court intends to order Castillo's release promptly. The Court has taken note of Castillo's request that, upon his release, if he is not immediately taken into ICE custody, he be provided with housing elsewhere, specifically, in a Residential Re-Entry Center ("RRC"). (Def.'s Mot. at 3.) The Court has been informed that a non-citizen with an ICE detainer is not eligible for residence in a RRC. If Castillo prefers not to be released until he has appropriate housing available for him, the Court will delay his release accordingly. Defense counsel shall notify the Court of his preference. Defense counsel may wish to contact Probation Officer Shawnte Lorick, who is looking into housing alternatives for Castillo.

The Clerk of Court is respectfully directed to close the pending motion at ECF No. 59.

SO ORDERED.

Dated: New York, New York
February 17, 2026

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge